NO. 07-12-0287-CR
NO. 07-12-0288-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

OCTOBER 2, 2012

_____


KEITH TAYLOR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 390TH DISTRICT COURT OF TRAVIS COUNTY;

NOS. D-1-DC-11-300144 & D-1-DC-12-904028;

HONORABLE JULIE KOCUREK, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.


**MEMORANDUM OPINION**


By opinion and judgment dated July 25, 2012, this Court dismissed Appellant's *pro se* appeals based on the *Trial Court's Certification of Defendant's Right to Appeal* filed in each case which reflected that Appellant entered into a plea bargain and had no right of appeal. On August 8, 2012, Appellant timely filed a *Motion for Rehearing*

explaining he did not receive our notice letter dated July 11, 2012, in which we invited him to explain why his appeals should not be dismissed based on the certifications.[1] Assuming that our original opinion incorrectly recites that Appellant received the July 11 notice and failed to respond, resulting in dismissal of his appeals, within our plenary jurisdiction, we now withdraw our opinion and judgment of July 25, 2012, and in lieu thereof, substitute the following opinion.

Following pleas of guilty, Appellant, Keith Taylor, was convicted of aggravated robbery with a deadly weapon,[2] enhanced, in cause number D-1-DC-11-300144 and of solicitation to commit capital murder,[3] enhanced, in cause number D-1-DC-12-904028. Pursuant to a plea bargain, he was sentenced to forty-five years confinement in each cause, with the sentences to run concurrently. The *Trial Court's Certification of Defendant's Right to Appeal* filed in each cause reflects that Appellant's cases are plea-bargained cases with no right of appeal. The certifications notwithstanding, Appellant filed notices of appeal challenging his convictions.

By order dated August 28, 2012, this Court granted Appellant's *Motion for Leave to File Motion for Rehearing* and suspended the requirement of Rule 9.3 of the Texas Rules of Appellate Procedure that an original and two copies of all motions be filed. Without deciding the merits of the motion for rehearing at that time, Appellant was given until September 17, 2012, to respond or otherwise correct the trial court certifications showing no right of appeal. That deadline has passed and Appellant has failed to either

---

[1]*See* Tex. R. App. P. 37.1 (providing for notification to remedy a defective certification, if possible).
[2]Tex. Penal Code Ann. § 29.03(a)(2) (West 2011).
[3]Tex. Penal Code Ann. § 19.03(a)(3) (West Supp. 2012).

file amended trial court certifications showing a right of appeal or otherwise demonstrate grounds for continuing his appeals.

Instead, Appellant filed three additional motions on September 17, 2012. By his first motion, he requests waiver of the rule pertaining to the number of copies to be filed, a motion which this Court has previously granted. By his second motion, he moves for appointment of counsel to assist him in responding to the trial court's certifications as well as other appellate matters; and, by his third motion, he seeks an extension of time of sixty days in which to respond to the trial court's certifications.

By our order of August 28, 2012, Appellant was given sufficient notice to either file amended trial court certifications showing a right of appeal or otherwise demonstrate grounds for continuing his appeals. Having failed to do so in a timely manner, we again have no alternative but to dismiss these appeals based on the trial court certifications. See Tex. R. App. P. 25.2(d). All remaining motions are overruled.

Patrick A. Pirtle
Justice

Do not publish.

3